MOONEY v. VALENTINE.

(Supreme Court, Appellate Division, Second Department.  January 9, 1903.)

1. PLEADING—AMENDMENT—TERMS.
      Code Civ. Proc. § 723, authorizes the court on terms to amend any
   pleading "by inserting an allegation material to the case." An adminis-
   trator sued for an assault committed on her decedent, causing his death.
   Her complaint failed to aver that he left next of kin, but the facts were
   familiar to defendant, who answered to the merits.  *Held* proper to permit
   the complaint to be amended and allow the cause to retain its place
   on the calendar, on the payment of $10 and the costs of the motion.

Appeal from special term, Kings county.

Action by Almira Mooney, as administratrix of Joel Holcomb,
deceased, against Benjamin E. Valentine.  From an order permit-
ting plaintiff without terms to serve an amended complaint, defendant
appeals.  Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

B. E. Valentine, in pro. per.
Maurice V. Theall, for respondent.

WOODWARD, J.  The plaintiff, as administratrix of the goods,
·chattels, and credits which were of Joel Holcomb, deceased, brings
this action to recover damages for an assault alleged to have been
committed by the defendant upon Joel Holcomb, by which the death
of the latter was produced.  The defendant answered the complaint
upon the merits, and the case was upon the day calendar, when an
order to show cause why the plaintiff should not be permitted to
amend her complaint by alleging the fact that·the deceased left him
surviving next of kin was granted, and upon the return of the order
an order was granted permitting the amendment, the cause to retain
its place upon the calendar, and without costs.  The defendant ap-
peals from this order.

The defect in plaintiff's complaint appeared upon its face.  It did
not state facts sufficient to constitute a cause of action, and this
objection might properly have been taken by demurrer, though it is
true that a failure to do this does not constitute a waiver of the right
to raise the objection upon the trial.  Sections 488, 499, Code Civ.
Proc.  The fact that it was not raised by demurrer or by answer may,
however, properly be taken into consideration by the court in de-
termining the proper disposition to make of a motion to amend, and
we are of opinion that the learned court at special term did not err
in permitting the plaintiff to amend her complaint, holding its place
upon the calendar.  The defendant has made no suggestion that he
was not ready to meet the issues intended to be presented by the
complaint, and an amendment by inserting "an allegation material to
the case" is specially authorized by the provisions of section 723 of
the Code of Civil Procedure upon such terms as to the court may
seem just.  The facts before the court justified the conclusion that
the defendant would not be surprised by such an allegation, the facts
being familiar to the defendant, and, under the circumstances, with

the imposition of slight terms only. We think the interests of justice will be fully subserved by modifying the order by imposing upon the plaintiff, as a condition of the amendment, the payment of the sum of $10 and the costs of the motion, and by affirming the order as so modified, without costs. All concur.